UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION |
| v. | * | NO. 25-cv-108 |
| LASHANTE WILLIAMS | * | JUDGE |
| | * | MAG. |

## COMPLAINT

**NOW INTO COURT,** through the undersigned Assistant United States Attorney, comes plaintiff, the United States of America, and respectfully submits its complaint against defendant, LaShante Williams, and hereby alleges the following.

### Parties, Jurisdiction, and Venue

1.

Plaintiff is the United States of America proceeding in its sovereign capacity.

2.

Defendant is LaShante Williams, a Louisiana resident domiciled at 209 Mall Circle, Apt. 25, Houma, LA 70364.

3.

Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1345.

4.

Venue is proper under 28 U.S.C. § 1391(b) because Williams is domiciled in the Eastern District of Louisiana.

**Facts**

5.

The Coronavirus Aid, Relief, and Economic Security (CARES) Act was a federal law enacted in or around March 1420 and designed to provide emergency financial assistance to the millions of Americans suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program (PPP).

6.

A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own money. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the United States Small Business Administration (SBA). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan and subsequent forgiveness process.

7.

The application process to obtain a PPP loan required the eligible recipient to make the following good-faith certifications and acknowledgments, among others:

    a. That the applicant was eligible to receive a PPP loan under the rules in effect at the time the application was submitted;

    b. That the uncertainty of current economic conditions made the loan request necessary to support the ongoing operations of the eligible recipient;

    c. That the applicant was in operation on February 15, 2020, had not permanently

    closed, and was either an eligible self-employed individual, independent contractor, or sole proprietorship with no employees, or had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC;

d. That the funds would be used to retain workers and maintain payroll; or make payments for mortgage interest, rent, utilities, or other covered costs under the PPP Rules;

e. That if the funds were knowingly used for unauthorized purposes, the federal government may find the individual legally liable for such charges as fraud;

f. That the information provided in the application and all supporting documents and forms was true and accurate in all material respects;

g. That the applicant understood that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 U.S.C. §§ 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000.00; under 15 U.S.C. § 645 by imprisonment of not more than two years and/or a fine of not more than $5,000.00; and, if submitted to a federally insured institution, under 18 U.S.C. § 1014 by imprisonment of not more than 30 years and/or a fine of not more than $1,000,000.00; and

h. That the lender would confirm the eligible loan amount using the documents submitted by the applicant.

8.

On or about March 26, 2021, Williams received a PPP loan in the amount of $20,832.00 based upon false and fraudulent records and statements in a claim for payment submitted to Capital

Plus Financial, LLC. In the PPP loan application, Williams, or persons acting in conspiracy with her, misrepresented her annual income and payroll costs, which were used in calculating her eligible loan amount.

9.

Further, Williams knowingly used the PPP loan funds for unauthorized purposes.

10.

Williams knowingly misrepresented her use of the funds on the forgiveness application submitted for the PPP loans. Based upon these false representations, the SBA forgave Williams's PPP loan of $20,832 and accrued interest of $91.43. The SBA also paid $2,500 in processing fees to Capital Plus Financial, LLC for the PPP loan disbursed to Williams.

**Causes of Action**

Count I - Unjust Enrichment

11.

By obtaining from the United States funds to which she was not entitled, Williams was unjustly enriched and the United States is entitled to damages in the total amount of $23,423.43, plus post-judgment interest accruing on that amount.

Count II - Payment by Mistake

12.

The United States, acting in reasonable reliance on the truthfulness of the statements contained in Williams's PPP loan application, approved a PPP loan to which Williams was not entitled.

13.

The United States, acting in reasonable reliance on the truthfulness of the statements

contained in Williams's PPP loan-forgiveness application, forgave her PPP loan when it was not eligible for forgiveness.

14.

Thus, the United States is entitled to recoup the amount of Williams's PPP loan in the total amount of $23,423.43 plus post-judgment interest accruing on that amount.

Count III – Civil Penalty under FIRREA

15.

Section 951 of the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), codified at 12 U.S.C. § 1833a, provides that the Attorney General may recover civil penalties of up to $1 million per violation (adjusted to $2,449,575) against persons who commit specified violations as established by a preponderance of the evidence.

16.

The predicate violations identified in Section 951 that can form the basis for liability under FIRREA include, among others: (a) knowingly or willfully making a materially false or fraudulent statement affecting a federally insured financial institution (18 U.S.C. § 1001); (b) making a false statement on a loan application to a financial institution, "the accounts of which are insured by the Federal Deposit Insurance Corporation" (18 U.S.C. § 1014); and (c) knowingly making a false statement for the purpose of influencing a decision by the Administrator of the SBA or to obtain a loan, money, or anything of value under the SBA's 7(a) program, including the PPP (15 U.S.C. § 645(a)). *See* 12 U.S.C. § 1833a(c).

17.

Williams unlawfully, willfully, and knowingly made false statements and certifications to SBA Lenders and the SBA in violation of 15 U.S.C. § 645(a). Specifically, Williams signed the

PPP loan agreements, thereby knowingly and falsely representing that she would "comply with all SBA guidance" as it applied to the PPP loans. These statements were knowingly false and made for the purpose of influencing the SBA in order to obtain PPP loan proceeds in violation of 15 U.S.C. § 645(a).

18.

Williams is liable for civil penalties up to the maximum amount authorized under 12 U.S.C. § 1833a(b).

### Count VI – Treble Damages and Civil Penalty under the False Claims Act

19.

The False Claims Act (FCA) provides, in pertinent part, that any person who: "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;" or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" is liable to the United States for three times the amount of damages which the United States sustains, plus a civil penalty per violation. 31 U.S.C. § 3729(a)(1)(A)–(B).

20.

Williams knowingly caused a false or fraudulent claim for payment to be presented to the SBA, and knowingly caused a false record or statement material to a false or fraudulent claim to be used, all in violation of the FCA, in the following specific ways.

   a.   On or around March 19, 2021, Williams, or persons acting in conspiracy with her, falsely claimed in an application for a PPP loan that Williams was the sole proprietor of a beauty salon that had been established in 2017 and was in operation on February 15, 2020, when in fact Williams was not an eligible self-employed individual or

an employer in that line of business.

  b.  On or around March 19, 2021, Williams, or persons acting in conspiracy with her, falsely claimed that she had earned $101,305 in gross income from the beauty salon as reported on IRS Form 1040, Schedule C, Line 7, when in fact she did not earn nor report income in that amount.

  c.  On or around March 19, 2021, Williams, or persons acting in conspiracy with her, submitted a false and fraudulent Form 1040, Schedule C showing $101,305 in gross income, when in fact she did not earn that amount, nor did she file a Form 1040, Schedule C with the IRS.

  d.  On or around March 19, 2021, Williams, or persons acting in conspiracy with her, submitted a falsified "invoice" purporting to show that Williams had billed someone for $440 of "hair products" in conjunction with "Natural Hair Afro, LLC" on February 8, 2020 when in fact no transaction occurred and no such business existed.

  e.  On or around March 19, 2021, Williams, or persons acting in conspiracy with her, further falsely claimed that the PPP loan funds would be used for authorized expenditures under PPP rules (such as payroll, mortgage interest, rent, utilities, and covered supplier costs), when in fact Williams actually used the funds for unauthorized expenditures.

  f.  On or around March 19, 2021, Williams, or persons acting in conspiracy with her, certified that the information provided in her application and supporting documentation was true and correct in all material respects, when in fact it was false and fraudulent in the above-stated material respects, among others to be shown at trial.

  g.  On or around August 26, 2021, Williams, or persons acting in conspiracy

with her, applied to have her PPP loan forgiven and falsely claimed that she spent $20,832 of the loan proceeds on payroll, when in fact she used the entirety of the PPP loan for other purposes.

   h. On or around August 26, 2021, Williams, or persons acting in conspiracy with her, falsely certified in her PPP loan forgiveness application that she had complied with all requirements of the PPP Rules and guidance related to eligible uses of PPP loan proceeds, when in fact she had not complied, but rather had spent the PPP loan proceeds on ineligible personal uses.

   i. On or around August 26, 2021, Williams, or persons acting in conspiracy with her, falsely certified that the information provided in her PPP loan-forgiveness application was true and correct in all material respects, when in fact the PPP loan-forgiveness application had false, material information the SBA relied upon to forgive Williams's PPP loan.

21.

Because of these false and fraudulent claims, records, and statements, the United States (acting through the SBA), was financially damaged in the principal amount of the forgiven PPP loan ($20,832), forgiven accrued interest ($91.43), and the processing fees SBA paid to Capital One Financial, LLC ($2,500), in the total amount of $ 23,423.43.

22.

The United States is further entitled to treble damages on this amount, plus a civil penalty under the FCA. 31 U.S.C. § 3729(a)(1).

**Prayer for Relief**

**WHEREFORE**, the United States prays that its complaint be deemed sufficient and that, after due proceedings, that there be judgment in its favor and against Williams awarding:

1) Treble damages in the total amount of $70,270.29 under the FCA (Count IV), or, alternatively, single damages of $23,423.43 for unjust enrichment/payment by mistake (Counts I and II);

2) A civil penalty of no less than $13,946 under the FCA (Count IV);

3) A civil penalty of no less than $23,423.43 under FIRREA (Count III);

4) Post-judgment interest; and

3) Any further relief the Court deems proper.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

*/s/ Sandra Lee Sears*
SANDRA LEE SEARS
Assistant United States Attorney
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130-7212
Telephone: (504) 680-3150
Email: Sandra.Sears@usdoj.gov

**United States will send request for waiver of service to:**

Ms. LaShante Williams
209 Mall Circle
Apt. 25
Houma, LA 70364